IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ARICA BONNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | _____ |
| ) | |
| SANTANDER CONSUMER ) | |
| USA, INC., ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

## COMPLAINT

This is a complaint against defendant Santander Consumer USA, Inc. ("Santander" or "defendant"). Arica Bonner ("Bonner" or "plaintiff") seeks redress for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and breach of contract as set forth herein.

## PARTIES

1. Plaintiff Arica Bonner is an adult resident citizen of Jefferson County, Alabama. Ms. Bonner currently resides in the City of Birmingham in Jefferson County, Alabama.

2. Santander is an Illinois corporation with its principal office located in Dallas, Texas. Santander has conducted business in Jefferson County in Alabama

during the time period pertinent to the allegations in this complaint. Santander is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

3. This action is based on the FDCPA, the TCPA, and breach of contract. Accordingly, federal question jurisdiction exists pursuant to 28 U.S.C. §1331, and supplemental jurisdiction exists pursuant to 28 U.S.C. §1367.

4. Venue is proper under 28 U.S.C. §1391, since the events giving rise to plaintiff's claims occurred within this judicial district and division and since defendant is subject to the general and personal jurisdiction of this Court.

5. Defendant's wrongful activities were directed to this jurisdiction. Plaintiff's rights were damaged or impaired in this jurisdiction, and significant damages and losses were suffered in this jurisdiction.

6. Santander Consumer USA regularly, continuously, and systematically conducts business in the state of Alabama. For example, Burke Automotive Group, which is one of the largest automobile dealers in the state of Alabama and has new-car franchises with multiple automobile manufacturers and a large used-car business, regularly causes its customers, particularly those with high-risk credit, to contract with Santander for the finance of new and used cars. Santander regularly, continuously, and systematically enters into automobile loan agreements with Burke customers located in the state of Alabama and at other large Alabama

automotive retailers, such as Jim Skinner, Serra, and Tameron. Additionally, Santander regularly, continuously, and systematically repossesses automobiles of Alabama residents who default on Santander automotive loans.

### NATURE OF THE CASE

7. Santander is one of the largest subprime automobile servicing companies in the world. As of 2010, its debt collection portfolio was approximately $15 billion. Although the debts it collects are in fact owned by others, Santander collects the debts in its own name without disclosing that it is not the owner of the debt. Therefore, it functions as an undisclosed agent for the true owner.

8. Defendant's routine business practices involve taking over the collection of debts previously collected by others and then: (a) engaging in unlawful harassment and unlawful collection methods, and (b) imposing improper fees never agreed to and not authorized by the contracts they are servicing. It is a very lucrative but unlawful business plan.

9. Santander is so eager to harass, abuse, and annoy its customers that its repeated and continuous calls each day are from multiple Santander telephone numbers. It calls cell numbers without prior authorization.

10. Santander also begins its calls long before the grace period for the payment in question runs. For example, for loans due on the 1st with a 10 day

grace period through the 10th, Santander's harassing calls begin on or about the 2nd.

11. Furthermore, it employs the same methods to abuse, annoy, and harass the friends, family and references of the debtors all in an unlawful attempt to intentionally harass, abuse and annoy its customers and their family and friends.

12. Defendant willfully, knowingly, regularly, and routinely charges and collects fees not authorized by the contracts with debtors, including collecting late fees when payments were not late and "repo fees" unrelated to any expense of repossession. Santander's conduct in assessing undue fees is so enthusiastic that upon acquiring accounts to collect it not only charges unlawful fees in the future, but Santander routinely goes back and retroactively assesses unlawful fees pertaining to time periods long before it had anything to do with the loans, adding those fees to the then current bill. In some cases this occurs years after the purported event, which never in fact even occurred.

13. Defendant's routine business practices also include the use of prerecorded automatic telephone dialing systems and artificial or voice systems willfully and knowingly directed to cell phones without the express prior consent of the person being called. The persons called without express permission using automatic telephone dialing systems, artificial and prerecorded voice systems include not only the debtors but the friends, family and references of the debtors.

14. Santander's business practices are so outrageous that it has a rare "F" rating with the Better Business Bureau in Dallas, its headquarters' city.

## FACTUAL ALLEGATIONS

15. In 2005, Ms. Bonner purchased a 2005 Chevrolet Tahoe ("the vehicle") from Serra Chevrolet in Birmingham, Alabama.

16. Ms. Bonner financed the vehicle.

17. In approximately 2008, Ms. Bonner began receiving telephone calls from Santander attempting to collect an alleged outstanding balance on the vehicle note.

18. Since that time, Ms. Bonner has received numerous harassing and misleading telephonic communications from Santander's agents attempting to collect upon the alleged debt.

19. Santander has repeatedly misled and deceived Ms. Bonner as to the actual balance owed on the vehicle note.

20. Santander has also attempted to coerce and embarrass Ms. Bonner into making additional payments by repeatedly calling Ms. Bonner an excessive number of times with the intent to harass and by discussing the alleged debt with various third parties.

21. Despite verbal and written instruction to cease calls to her place of employment, Santander's agents routinely call Ms. Bonner at her place of employment multiple times per day.

22. Santander has also made a large number of harassing and repeated telephone calls to Ms. Bonner's cell phone, and Santander has used illegal pre-recorded messages, automatic dialers, and predictive dialers in contacting Ms. Bonner on her cell phone.

23. Ms. Bonner has never provided Santander with permission to contact her cell phone with pre-recorded messages, automatic dialers, or predictive dialers, and she has, in fact, asked Santander not to call her regarding the alleged debt on her cell phone.

24. Santander's agents have also called Ms. Bonner's home telephone number an excessive number of times with the intent to harass.

25. Santander's agents have repeatedly threatened Ms. Bonner in an attempt to collect upon the alleged debt.

26. Santander's agents have attempted to belittle, abuse, and oppress Ms. Bonner in their attempts to collect upon the alleged debt.

27. Santander's agents have left numerous messages on Ms. Bonner's message service failing to disclose that the purpose of their communications was an attempt to collect upon the alleged debt.

28. Santander repeatedly misrepresented the loan balance and has imposed fees not authorized by the contract.

29. In short, Ms. Bonner has been harassed, misled, deceived, coerced, and threatened in violation of the FDCPA and TCPA, and Santander breached its contract with Ms. Jennings by charging fees not authorized in the contract.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff re-alleges and incorporates the preceding paragraphs and subsequent factual averments in this complaint as if fully set forth herein.

31. Santander violated 15 U.S.C. §1692b(1) because its agents communicated with persons other than the consumer and failed to provide their identity and state that they are confirming or correcting location information.

32. Santander violated 15 U.S.C. §1692b(2) by telling persons other than the consumer that the consumer owed a debt.

33. Santander violated 15 U.S.C. §1692b(3) by repeatedly communicating with persons other than the consumer without reasonable belief that the earlier response was erroneous or incomplete or that such person now has complete or correct information.

34. Santander violated 15 U.S.C. §1692c(a)(3) by contacting plaintiff at her place of employment after Santander had reason to know the employer prohibited the consumer from receiving such communication.

35. Santander violated 15 U.S.C. §1692c(b) by communication with third parties other than those permitted by that paragraph except as provided in 15 U.S.C. §1692b.

36. Santander used language that was obscene, profane, or had the natural consequence of abusing the consumer in violation of 15 U.S.C. §1692d(1).

37. Santander caused telephones to ring and engaged persons in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass in violation of 15 U.S.C. §1692d(5).

38. Santander violated 15 U.S.C. §1692d(6) by placing telephone calls without meaningful disclosure of the callers' identity.

39. Santander violated 15 U.S.C. §1692e(2) by falsely representing the amount of debt.

40. Santander violated 15 U.S.C. §1692e(11) by failing to make the required disclosures in the initial written communications from Santander.

41. Santander violated 15 U.S.C. §1692f(1) by collecting money from plaintiff (interest, fees, charges and expenses) not expressly authorized by the contract or permitted by law.

42. Santander failed to provide the notice required by 15 U.S.C. §1692g(a).

43. As a proximate result of Santander's actions, plaintiff was caused to suffer harm.

44. Plaintiff is entitled to an award of statutory damages or actual damages, whichever is higher, plus costs and attorneys' fees for Santander's violations of the FDCPA.

Wherefore, premises considered, plaintiff demands judgment against Santander for statutory or actual damages, whichever is higher, plus costs, attorneys' fees and such additional relief as the Court may deem appropriate or to which plaintiff may be entitled.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

45. Plaintiff re-alleges and incorporates the preceding paragraphs and subsequent factual averments of this complaint as if fully set forth herein.

46. Santander has violated the TCPA by the calls made to plaintiff. The violations include the use of automatic telephone dialing systems and artificial and prerecorded voice messages directed to cell numbers without plaintiff's express permission.

47. Santander's actions were done willfully or knowingly.

48. Plaintiff is entitled to an award of statutory damages for Santander's violations of the TCPA.

49. Each call is a separate violation and entitles plaintiff to statutory damages against Santander in the amount of at least Five Hundred Dollars ($500.00) per call. Because the violations by Santander were committed willfully and knowingly, plaintiff requests that a statutory damage of One Thousand Five Hundred Dollars ($1,500.00) per call be assessed pursuant to 47 U.S.C. § 227(b)(3).

Wherefore, premises considered, plaintiff demands judgment against Santander for statutory or actual damages, whichever is higher, plus costs and such additional relief as the Court may deem appropriate or to which plaintiff may be entitled.

## THIRD CLAIM FOR RELIEF

## BREACH OF CONTRACT

50. Plaintiff re-alleges and incorporates the preceding paragraphs and subsequent factual averments of this complaint as if fully set forth herein.

51. Defendant had a contract with plaintiff or was acting as an agent on behalf of an undisclosed principal. Santander in either event is liable for the breach.

52. Defendant breached the contract with plaintiff by imposing unauthorized fees, including but not limited to late fees, which were not due.

53. As a consequence of defendant's breach of contract, plaintiff suffered damages.

Wherefore, premises considered, plaintiff demands judgment against Santander for actual and compensatory damages, plus interest, costs, and such additional relief as the Court may deem appropriate or to which plaintiff may be entitled.

## PRAYER FOR RELIEF

WHEREFORE, the premises considered, plaintiff seeks the following relief:

(a) Statutory damages of One Thousand Dollars ($1,000.00) from Santander for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;

(b) Statutory damages of One Thousand Five Hundred Dollars ($1,500.00) per call for Santander's willful and knowing violations of the TCPA pursuant to 47 U.S.C. § 227(b)(3) or in the alternative at least Five Hundred Dollars ($500.00) per call;

(c) Costs and reasonable attorneys' fees from Santander for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;

(d) Appropriate injunctive relief requiring Santander to stop violating the FDCPA and the TCPA;

(e) Actual and compensatory damages;

(f) Interest, costs, and attorneys' fees; and

(g) Such further and different relief as the Court may deem appropriate or as plaintiff is entitled to under the law.

## JURY DEMAND

Plaintiff demands trial by struck jury of all issues.

Dated: June 15, 2012

/s/ D. Frank Davis
D. Frank Davis
One of the Attorneys for Plaintiff

**OF COUNSEL:**
D. Frank Davis (DAV009)
John E. Norris (NOR041)
Wesley W. Barnett (BAR141)
Courtney L. Peinhardt (PEI001)
Andrew S. Herring (HER055)
Davis & Norris, LLP
The Bradshaw House
2154 Highland Avenue South
Birmingham, Alabama 35205
Telephone: 205.930.9900
Facsimile: 205.930.9989
fdavis@davisnorris.com
jnorris@davisnorris.com
wbarnett@davisnorris.com
courtney@davisnorris.com
aherring@davisnorris.com

## REQUEST FOR SERVICE BY CERTIFIED MAIL

As requested on June 15, 2012, please serve defendants by certified mail pursuant to Federal Rules of Civil Procedure 4(e)(1) at the following addresses:

Santander Consumer USA, Inc.

CT Corporation System
350 N. St. Paul St. Ste. 2900
Dallas, TX 75201

≈JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Arica Bonner

### DEFENDANTS
Santander Consumer USA, Inc.

(b) County of Residence of First Listed Plaintiff  Jefferson, AL
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Dallas, TX
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)  D. Frank Davis
~~#1494~~ Davis & Norris, LLP   205-930-9900
2154 Highland Ave. S.  Birmingham, AL 35205

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | IMMIGRATION | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity).
15 USC 1692 ; 47 USC 227
Brief description of cause: Violation of FDCPA & TCPA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  6/15/2012

SIGNATURE OF ATTORNEY OF RECORD  /s/

FOR OFFICE USE ONLY

RECEIPT #  _____  AMOUNT  _____  APPLYING IFP  _____  JUDGE  _____  MAG. JUDGE  _____